FILED '09 MAY 11 13:53 USDC-LAE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MICHAEL MITCHELL | * | |
| | * | |
| PLAINTIFF | * | |
| VS. | * | CIVIL ACTION NO. 09-3513 |
| | * | |
| CREDITORS INTERCHANGE | * | COMPLAINT AND |
| RECEIVABLE MANAGEMENT, L.L.C. | * | DEMAND FOR A JURY TRIAL |
| DEFENDANT | * | |

SECT. J MAG. 4

## COMPLAINT

### I. Introduction

1. This is an action for damages brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k, 28 U.S.C. §§ 1331 and 1337.

### III. PARTIES

1

Fee ___
Process ___
X Dktd ___
CtRmDep ___
Doc. No ___

3. Plaintiff, Michael Mitchell ("plaintiff" or "Mr. Mitchell"), is a natural person who resides in St. Tammany Parish, Louisiana and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

4. Defendant, Creditors Interchange Receivable Management, L.L.C. (hereinafter referred to as "Creditors Interchange" or "defendant") is a foreign corporation doing business in the state of Louisiana, whose registered agent for service of process in Louisiana is CT Corporation System, 5615 Corporate Boulevard, Suite 400B, Baton Rouge, LA 70808. Creditors Interchange, at all times relevant hereto, regularly attempted to collect debts alleged to be due another and is a "debt collector" as defined under the FDCPA.

## IV. FACTUAL ALLEGATIONS

5. On or about October 2008, plaintiff entered into a payment arrangement with the defendant to pay sums allegedly owed to Capital One Bank, N.A. in the amount of approximately $4100.58.

6. This alleged debt arose from a Capital One credit card which was used solely for personal purposes.

7. Pursuant to this payment arrangement, defendant automatically withdrew electronic payments of fifty dollars ($50.00) from plaintiff's checking account each month.

8. On February 6, 2009 plaintiff spoke with an unidentified employee of defendant who informed plaintiff that the alleged debt would remain on plaintiff's credit report for seven to ten years.

9. The defendant's employee then informed plaintiff that he could not dispute the alleged debt after thirty day validation period provided by section 1692g(a)(3) and (4) of the

FDCPA had expired.

10. Defendant's employee furthermore told plaintiff that he needed to "pay off the account to be left alone."

11. On February 16, 2009, plaintiff spoke with another employee of defendant identified as "Mr. Jackson," informed Mr. Jackson that plaintiff would not be able to make his scheduled payment for the month of February 2009, and asked Mr. Jackson to cancel the fifty dollar ($50.00) payment that was due to be automatically withdrawn from plaintiff's checking account on February 23, 2009.

12. Mr. Jackson consented to this request and assured plaintiff that the payment would not be withdrawn from plaintiff's account.

13. Contrary to Mr. Jackson's assurances, defendant withdrew fifty dollars ($50.00) from plaintiff's checking account on February 23, 2009, and this withdrawal cleared plaintiff's account on February 25, 2009.

14. On February 25, 2009, Mr. Jackson contacted defendant about its unauthorized withdrawal of fifty dollars ($50.00) from plaintiff's checking account, and spoke with an employee of defendant identified as "Christy" who claimed to be Mr. Jackson's supervisor.

15. "Christy" informed plaintiff that the withdrawal was an accounting department error, but told plaintiff that defendant was "taking fifty dollars a month as a courtesy" and that plaintiff "can't skip a month's payment."

16. When plaintiff asked to have his fifty dollars ($50.00) refunded to him, "Christy" told plaintiff "Are you requesting to null and void your payment arrangement and have the account pursued through the attorneys? That's what's going to happen, sir."

17. "Christy" went on to state that "it's not [plaintiff's] right to steal from a bank."

18. When plaintiff asked "I don't think I'm stealing, am I?" "Christy" responded, "Well you are if you refuse to pay...you're refusing to pay for February."

19. "Christy" then told plaintiff "If you don't make your payment for the month of February the account is going to be pulled from me...and the account will be sent to the attorney network."

20. "Christy" further informed plaintiff that "It's not your right to skip a month...they're just not gonna wait for you to pay it yourself."

21. "Christy" finally stated, "the bank wants to sue you for five thousand...the bank's gonna take five thousand instead of fifty."

## DEFENDANT'S PRACTICES

22. Defendant Creditors Interchange violated numerous provisions of the FDCPA including but not limited to sections 1692e, 1692e(5), 1692e(7) and 1692e(10).

23. Plaintiff has suffered actual damages and injury, including, but not limited to, stress, humiliation, anxiety, extreme mental anguish and suffering, emotional distress, for which he should be compensated in an amount to be proven at trial.

WHEREFORE, plaintiff respectfully requests that the Court grant the following relief in his favor and against Defendant Creditors Interchange Receivable Management, L.L.C. for:

    a. Additional damages;

    b. Actual damages;

    c. Attorney fees, litigation expenses and costs; and

    d. Such other and further relief as is appropriate.

A JURY TRIAL IS DEMANDED.

*[signature]*

**GARTH J. RIDGE**
Attorney for Plaintiff
Bar Roll Number: 20589
251 Florida Street, Suite 301
Baton Rouge, Louisiana 70801
Telephone Number: (225) 343-0700
Facsimile Number: (225) 343-7700
E-mail: GarthRidge@aol.com